Case No. 24-7333

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THERESE SERIGNESE,

Plaintiff-Appellee,

vs.

WILLIAM COSBY, JR,

Defendant-Appellant.

*Appeal From the United States District Court for the District of Nevada, Honorable Brenda Weksler, United States Magistrate Judge*
*Case No. 2:24-cv-00794-BNW*

# APPELLEE'S RESPONSE TO APPELLANT'S STATEMENT EXPLAINING JURISDICTION PER COURT ORDER

CHRISTIAN M. MORRIS, ESQ. Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ. Nevada Bar No. 15005
CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 200, Henderson, Nevada 89074
Telephone: (702) 434-8282, Facsimile: (702) 434-1488

and

JOSEPH CAMMARATA, ESQ. Permission to Practice Granted in This Case Only
IRA SHERMAN, ESQ. Permission to Practice Granted in This Case Only
STEPHEN P. OLLAR, ESQ. Permission to Practice Granted in This Case Only
CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.
1232 17th St., N.W., Washington, District of Columbia 20036
Telephone: (202) 659-8600, Facsimile: (202) 659-8680

*Attorneys for Appellee, Therese Serignese*

COMES NOW Appellee Therese Picking Serignese, by and through her attorneys of record, Christian M. Morris, Esq., and Victoria R. Allen, Esq., with the law firm of CHRISTIAN MORRIS TRIAL ATTORNEYS, and Joseph Cammarata, Esq., Ira Sherman, Esq., and Stephen P. Ollar, Esq. with the law firm of CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C., and hereby responds to Appellant William Cosby, Jr.'s Statement Explaining Jurisdiction.

Though Appellant knowingly and voluntarily consented to proceed before Magistrate Judge Brenda Weksler, Appellant now contends that Judge Weksler lacked the authority to issue an order remanding this action to state court. The unmistakable flaw with the Appellant's argument is that he overlooks the fact that the Court derived its jurisdiction under § 636(c)(1) given that the Appellant consented to the exercise of full dispositive authority by a magistrate judge, when he failed to object to a magistrate judge conducting a trial and entering final judgment. As such, the Appellant's argument for jurisdiction lacks all merit.

The crux of the issue is whether the Appellant had been deprived of his right to review by an Article III Judge. Under the Federal Magistrate Act, a magistrate judge is permitted to hear and determine any pretrial matter, *without the parties' consent*, save eight exceptions that are dispositive in nature. As the Appellant recognizes, the Ninth Circuit has included motions for remand within these eight exceptions. *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015). Where consent is

lacking, the magistrate judge shall conduct hearings and submit to a district court judge proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B).

Conversely, the Act also provides that *upon the consent of the parties*, a magistrate judge may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgement in the case. 28 U.S.C. § 636(c)(3) ("The consent of the parties allows a magistrate . . . designated to exercise civil jurisdiction . . . to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure."). "[W]hen there is party consent, the magistrate judge's jurisdiction is **coextensive** with the district court's jurisdiction, extending to any or all proceedings, including entry of final judgment." *Prater v. Dep't of Corr.*, 76 F.4th 184, 194-95 (3rd Cir. 2023) (emphasis added) (considering whether a magistrate judge has authority to hear and decide dispositive *in forma pauperis* motions under the Prison Litigation Reform Act). As the Supreme Court recognized, a § 636(c)(1) referral gives the magistrate judge "full authority over dispositive motions, conduct of trial, and entry of final judgement, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003). "Unlike § 636(b)(1), jurisdiction under § 636(c)(1) gives the magistrate judge's ruling the **same effect as if it had been made by a district judge**." *Washington v. Kikakazi*, 72 F.4th 1029,

3

1035 (9th Cir. 2023) (citing *Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681, 685 (9th Cir. 2016) (emphasis added).

Here, the Court assigned this matter to Magistrate Judge Brenda Weksler on April 25, 2024. Simultaneous with that assignment, the Court sent the parties two notices of their right to decline the assignment of this matter before a magistrate judge. ECF [3] and [4]. Notably, each time notice was sent to Jennifer Bonjean, counsel for Appellant. General Order 2023-11 expressly informed each party that "each party will be deemed to have knowingly and voluntarily consented to proceed before the assigned Magistrate Judge if the [option to decline consent form] is not returned within 21 days from their first appearance in the case." ECF [3], at 1. Appellant failed to return the required form within 21 days of Judge Weksler's assignment, and as such, knowingly and voluntarily consented to consented to the exercise of full dispositive authority by a magistrate judge. *See Kikakazi*, 72 F.4th at 1037 (holding that Appellee knowingly and voluntarily consented to magistrate judge jurisdiction by failing to return the form that notified him of his rights and by thereafter proceeding with litigation before magistrate judge).

Accordingly, Magistrate Judge Brenda Weksler had full jurisdiction, based on the knowing and voluntary consent of the parties, to hear and decide the Appellee's motion and to remand this matter back to state court.

4

In an effort to now avoid the result he chose, Appellant makes the bald assertion that his counsel was unable to file an opposition to the assignment of this matter to a Magistrate Judge because she "was not granted leave to appear in the case until May 13, 2024." Appellant's Statement at ¶ 7. First, it was Appellant's counsel who removed this matter to the federal court. No act of the courts prohibited Appellant's counsel from making filings in this matter. Indeed, Appellant's counsel filed a Statement Regarding Removal on May 10, 2024, three days before her purported prohibition on filing was lifted. *See* ECF [9]. Second, even assuming Appellant's counsel was prohibited from opposing the assignment to a Magistrate Judge until May 13, 2024, Appellant still had until **June 3, 2024**, in which to file an opposition. Per General Order 2023-11, "Effective January 1, 2024, each party will be deemed to have knowingly and voluntarily consented to proceed before the assigned Magistrate Judge if the Form is not returned within 21 days **from their first appearance in the case**." (emphasis added). Appellant and his counsel "knowingly and voluntarily" choose not to oppose proceeding before the Magistrate Judge. *See Kikakazi*, 72 F.4th at 1037.

Appellant's reliance on *Flam v. Flam* is misplaced, given that the opinion does not address whether the litigants consented to proceed before a Magistrate Judge, either explicitly or implicitly. Subsequent opinions by this Court have addressed that issue and held that a Magistrate Judge's ruling has "the same effect as if it had

5

been made by a district judge," where consent to proceed exists. *Kikakazi*, 72 F.4th at 1035 (9th Cir. 2023).

Similarly, General Order 2023-11 does not violate 28 U.S.C. § 636(c)(1), Fed. R. Civ. P. 73(b)(1), or Nevada District Court Local Rule IB 2-2. General Order 2023-11 states that "[c]onsent to a Magistrate Judge is voluntary" and that "[a]ny party may decline consent by signing and returning the Form to the court," which is consistent with the language of § 636(c)(1). Appellant asserts that General Order 2023-11 "*induces* litigants to waive [the right to an Article III judge] unknowingly" because consent "simply cannot be deduced by silence for 21 days." Appellant's Statement at ¶ 12. However, Appellant was not ignorant of the requirements of General Order 2023-11, which was served on Appellant on April 26, 2024. ECM [3]. Likewise, the Option to Decline Magistrate Judge Overseeing Your Case form was also served on Appellant on April 26, 2024, and includes a warning that inaction will be treated as a "knowing and voluntary decision to proceed before the Magistrate Judge." ECM [4].

Appellant simply ignores the Court's holding in *Kikakazi*. Indeed, it appears that the 2023 *Kikakazi* opinion prompted the District Court to issue General Order 2023-11 later that year, to include a knowing and voluntary consent where the form is not returned within 21 days. This "opt-out" procedure for magistrate judge jurisdiction has been upheld by this Court in subsequent cases. *See Leigh v. Sacks*,

6

2024 U.S. App. LEXIS 13093 (9th Cir. May 31, 2024). Interestingtly, *Leigh* rejected the argument that the "opt-out" procedure violated 28 U.S. C. § 636(c) and Fed. R. Civ. P. 73, the very same arguments Appellant makes here.[1]

At no time during the roughly eight months this matter was pending before Magistrate Judge Weksler did Appellant voice any opposition to Magistrate Judge Weksler's authority. Appellant knowingly and voluntarily consented to proceed before the Magistrate Judge, and now faced with an unfavorable ruling, Appellant seeks to withdraw his consent and get a "second bite at the apple." Of course, the law does not permit such gamesmanship.

Given that Appellant consented to proceed before a Magistrate Judge, it was within the authority of the Magistrate Judge to remand this matter to state court. 28 U.S.C. § 1447(d) thus prohibits all review of an order remanding a removal action to state court. Therefore, the Court lacks jurisdiction over this appeal.

---

[1] Though Local Rule 1B 202—last updated in 2020—does require written consent of the parties before proceeding before a Magistrate Judge, the Local Rules also mandates that "[t]hese rules must be applied, construed, and enforced to avoid inconsistency with other governing statutes and laws." LR IA 1-2. As such, the Court's precedent in *Kikakazi* is controlling and overrides the need for the written consent of the parties. Additionally, General Order 2023-11 supersedes the requirements of the Local Rules, which were adopted under General Order 2020-07.

WHEREFORE, Appellee Therese Picking Serignese respectfully requests that the Court dismiss Appellant William Cosby, Jr.'s appeal.

DATED this 6th day of January, 2025.

CHRISTIAN MORRIS TRIAL ATTORNEYS

*/s/Victoria R. Allen, Esq.*
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
and
JOSEPH CAMMARATA, ESQ. Permission to Practice Granted in This Case Only
IRA SHERMAN, ESQ. Permission to Practice Granted in This Case Only
STEPHEN P. OLLAR, ESQ. Permission to Practice Granted in This Case Only
CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.
1232 17th St., N.W., Washington, District of Columbia 20036
*Attorneys for Appellee Therese Serignese*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing APPELLEE'S RESPONSE TO APPELLANT'S STATEMENT EXPLAINING JURISDICTION PER COURT ORDER was filed electronically with the Ninth Circuit Court of Appeals on the 6th day of January, 2025. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

Jennifer Bonjean, Esq.
Bonjean Law Group PLLC
303 Van Brunt Street
Brooklyn, New York 11231
Tel: 718-875-1850
Fax: 718-230-0582
Email: Jennifer@bonjeanlaw.com

DATED this 6th day of January, 2025.

/s/ Thomas Dudley
An employee of
CHRISTIAN MORRIS TRIAL ATTORNEYS